## Commonwealth v. One Dodge Automobile.

*Condemnation of vehicle used in unlawful transportation of intoxicating liquor—Rights of chattel mortgagee out of possession—Act of March 27, 1923.*

1. Where, as against the owner of an automobile, the Commonwealth is entitled to a decree of condemnation, under the Act of March 27, 1923, P. L. 34, on the ground that the vehicle, while in the possession of the owner, was used in the unlawful transportation of intoxicating liquors, a chattel mortgagee, out of possession, is not entitled to take the possession of the seized car from the Commonwealth, and cannot prevent the Commonwealth from enforcing a forfeiture incurred by the acts of the owner in possession; such mortgagee does not come within the class of claimants who, under the provisions of sub-division (d) of section 11 of the act, are entitled to this relief: Com. v. Cutshall, 4 D. & C. 683, reaffirmed.

2. The provisions of clause (iii) of sub-division (b) of section 11 of the Act of March 27, 1923, P. L. 34, relating to payment out of the proceeds of a condemnation sale of a vehicle seized while being used in the unlawful transportation of intoxicating liquors, of the amount owing upon a "bailment lease or contract," afford relief only to a claimant who is a "bailor," having the "legal title" and who was out of possession at the time of the seizure because the property was held "under a bailment lease or contract," and a mere mortgagee, out of possession, is not within the meaning or scope of this language; he is not a bailor and he does not have the legal title.

3. While it may be proper to interpret clause (iii) with some measure of liberality for the purpose of protecting the rights of innocent parties, it clearly is not admissible in its interpretation to reject any expressly prescribed conditions of the granting of the relief, and thus to apply the provision to a case which is plainly and clearly outside of the meaning and scope of the language used.

Petition for condemnation of automobile.   Q. S. Washington Co., Nov. T., 1923, No. 254.

*Howard W. Hughes,* District Attorney, and *Thomas L. Anderson,* Assistant District Attorney, for Commonwealth.

*R. E. Burnside,* for claimant.

BROWNSON, P. J., March 17, 1924.—It has been made to appear upon the hearing, and is now found as a fact, that Lloyd Cutshall, being the owner of the Dodge automobile against which this proceeding *in rem* was instituted,

unlawfully used said car on or about Aug. 1, 1923, in and for the transportation of intoxicating liquors within the County of Washington. It follows from this, and we find as matter of law, that the Commonwealth has a clear right to a decree of condemnation under the Act of March 27, 1923, P. L. 34, as against Cutshall.

The only other matter for determination is whether Sparks B. McCauslen, as intervening claimant under a chattel mortgage of the automobile, is entitled to any relief. His rights have been discussed to some extent in an opinion heretofore filed in connection with a petition wherein, previous to the institution of the present proceeding, he prayed for an order requiring the district attorney to deliver up the possession of the car to him: Com. v. Cutshall, 4 D. & C. 683. We there held that a covenant contained in the mortgage (which was made in the State of Ohio), whereby the mortgagor agreed that, in the event of a "default of payment, or any misuse, . . . attempt . . . to remove from the county . . . or upon any seizure by any process of law," the mortgagee should have the right to take possession of the car and make sale thereof, would not be permitted by the courts of Pennsylvania to interfere with the statutory right of this Commonwealth to seize and hold the car for the purpose of carrying on a condemnation proceeding against it, and we refused to take the car out of the custody of the district attorney or to interfere with the Commonwealth's proceeding to obtain a decree of condemnation. We left for determination at the final hearing of the condemnation proceeding the question whether, under the provisions of the Prohibition Enforcement Act, any relief could then be given to the claimant.

The mortgage was made at Steubenville, Ohio, on March 8, 1923. By it, in consideration of $350, paid by McCauslen to Cutshall, the latter mortgaged this car to the former to secure the repayment of said sum six months after date, with interest. The possession of the mortgaged car was retained by the mortgagor, as owner, and the mortgagee was not to have a right to take possession unless and until some default of the mortgagor, or one or more of certain other events (including removal "from the county, or where now located," "misuse" and seizure by process of law), should occur, or the mortgagor should determine it to be necessary to take possession "for the more complete and perfect security of said claim." Prior to the seizure of the car no default in payment had occurred, and the mortgagee had not elected to take possession "for more complete and perfect security." The making of a trip with the car into Pennsylvania was not a "removal" within the meaning of the provision on that subject, which manifestly was not intended to prevent temporary absences from the place where it was kept, in the use of the car for travel in the ordinary way, but referred to such a removal as would be analogous to a change of residence on the part of a person. If the word "misuse" be construed as including any unlawful use, and if it be, therefore, considered that the unlawful use which Cutshall made of the car while in Pennsylvania gave the mortgagee a contract right to take possession, it must also be said that this same unlawful use vested a statutory right of possession in the Commonwealth which must prevail: Com. v. One Columbia Automobile, 5 D. & C. 193. Claimant's petition, however, does not assert a right of possession upon any other ground than that of "seizure by process of law." The effect of the seizure for violation of the law has already been mentioned, and was ruled on in Com. v. Cutshall, 4 D. & C. 683. We reaffirm the views expressed in the case just cited, and hold that the claimant, not having any ownership, and being a mere mortgagee out of possession, does not come within the class of claimants who, under the provisions of sub-division (d), section 11,

of the Act of March 27, 1923, P. L. 34, are entitled to take the possession of a seized car from the Commonwealth, and cannot prevent the Commonwealth from enforcing a forfeiture incurred by the acts of the owner in possession.

The only remaining question is whether, under the provisions of clause (III) of sub-division (b) of section 11, an order can and should be made for the payment of the amount owing upon the mortgage out of the proceeds of the sale. That clause provides for such payment of the amount owing upon a "bailment lease or contract." It is claimed that the mortgage debt owing in this case should be treated as analogous to, and as being upon the same footing as, the moneys owing upon such a contract. The provision referred to is, as we said in Com. v. Cutshall, 4 D. & C. 683, a saving clause for the protection of rights which would otherwise be destroyed by an in rem forfeiture decree. While it may be proper to interpret it with some measure of liberality for the purpose of protecting the rights of innocent parties, it is not admissible, in its interpretation, to reject any expressly prescribed conditions of the granting of the relief, and thus to apply the provision to a case which is plainly and clearly outside of the meaning and scope of the language used. By the explicit provisions of clause (III), the person to whom it gives relief must be a "bailor," having "the legal title," who was out of possession at the time of the seizure, because the property was held "under a bailment lease or contract." By no possible interpretation can the case of this claimant be brought within that language. He does not have the legal title; he is a mere mortgagee. He is not a bailor; he never made a bailment to Cutshall. Cutshall held possession, not under a bailment lease or contract, but as the legal owner of the car. To hold that claimant is entitled to an award under clause (III) would be judicial legislation and not a declaration and enforcement of the law which the legislature has made.

And now, March 17, 1924, it having been made to appear upon the hearing, and being now found as a fact, that the Dodge automobile described in the petition of the district attorney has been used for the unlawful transportation of intoxicating liquor within the State of Pennsylvania, in the County of Washington, in violation of the provisions of the Act of Assembly approved March 27, 1923, P. L. 34,, the same is condemned and adjudged to be forfeited to the Commonwealth, and it is ordered and decreed that the sheriff of the said county do expose the said automobile to public sale, after notice as provided in the act of assembly aforesaid, and make public sale thereof and pay the proceeds of such sale to the county treasurer as provided in said act. And the claim presented by Sparks B. McCauslen is hereby dismissed.

From E. E. Crumrine, Washington, Pa.

NOTE.—See Com. v. Mathis, 5 D. & C. 191.